## Parris *v.* John B. Kelly, Inc., Appellant.

Argued January 8, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Charles E. Kenworthey,* with him *Evans, Bayard & Frick,* for appellant.

*Robert F. Irwin, Jr.,* of *Donahue, Irwin, Merritt & Gest,* with him *George M. Kevlin,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 23, 1936:

Defendant appeals from a judgment on a verdict awarding plaintiff damages for personal injuries.

When the facts surrounding the occurrence are fully stated, plaintiff's contributory negligence becomes clear. Defendant was engaged in doing brick work on a building under construction. Plaintiff was an employee of a third party. An elevator used for the purpose of hoisting materials had been installed by defendant in front of the entrance to the building and was being operated by its employee. Entrance to the building was either through the elevator shaft or by going around it; the latter necessitated climbing over a pile of building materials three or four feet high. In passing through the shaft it was necessary to stoop to avoid cross braces on the far side about five feet above the ground. There were no cross pieces at the front.

Plaintiff, about to enter the building, determined to go through the elevator shaft. He had worked about the elevator for some weeks and was thoroughly familiar with its operation. The elevator made on the average forty round trips an hour, one every minute and a half. It required two to three seconds to descend. Before entering the shaft plaintiff, when about four to six feet away, looked up and saw the elevator standing still at the third floor of the building. Without looking again he stepped into the shaft and was immediately struck by the descending elevator. Had he looked just before putting himself in its way, he must have seen that it was

moving. Had he been so observing, as a prudent man, he, of course, would have stopped. Not having continued to keep watch on what was an imminent danger to him, the blame for the accident was necessarily his own, an absence of care for his own safety. This being so, he cannot recover. We can think of few situations more fraught with danger than for one to step beneath an object which may descend, with consequent injury, without taking every precaution. The first attribute of safety would be to keep one's eye on the object, to be sure that it continued stationary. Plaintiff did not do this, but took the two steps into the shaft without giving further attention to the danger above him. In so doing his negligence is clear.

There is no similarity either in facts or applicable principle between the present case and *Christman v. P. & R. R. R. Co.*, 141 Pa. 604, cited by appellee. That was a car coupling case where the matter of time in shifting cars entered largely into the question for decision. *Van Zandt v. Phila., B. & W. R. R. Co.*, 248 Pa. 276, also cited, is in no way controlling. That case involved the rule applicable to workmen around railroad tracks. None of the cases cited by appellee has a direct bearing on the situation we are now considering. The case nearest on its facts to the present one called to our attention is *McDonald v. Rockhill Iron & Coal Co.*, 135 Pa. 1, where the plaintiff stepped beneath a hoist in a coal mine and was injured by the descending cage, and where we held there could be no recovery.

In view of the conclusion we have reached, it is not necessary to consider the further question raised: Whether it was not contributorily negligent to endeavor to pass through the elevator shaft when there was a safer way alongside it, over the pile of building materials.

The judgment is reversed and is here entered for defendant.